[Civil No. 1241. Filed April 26, 1912.]

[123 Pac. 315.]

OSCAR TYLER, Petitioner, v. THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE TERRITORY OF ARIZONA, IN AND FOR THE COUNTY OF GRAHAM.

Courts—Appellate Courts—Jurisdiction—Amount Involved.—Under constitution, article 6, section 4, providing that the supreme court's appellate jurisdiction shall not extend to civil actions at law for the recovery of money where the original amount in controversy does not exceed the sum of $200 unless it involves the validity of a tax, etc., and authorizing the issuance of such writs as are necessary to the exercise of its appellate jurisdiction, the supreme court cannot review by certiorari the judgment in an action to recover money less in amount than $200, not involving the validity of a tax, etc., although it is claimed that the lower court exceeded its jurisdiction.

Original application for *certiorari*. Denied.

The facts are stated in the opinion.

Mr. John McGowan, for Petitioner.

FRANKLIN, C. J.—The petition for the writ was filed in this court on the sixteenth day of February, 1912. It seeks to review the action of the district court of the fifth judicial district of the territory of Arizona (now the superior court), in and for Graham county, in an action brought into the district court and there tried *de novo,* on an appeal from a justice court. In the affidavit for the writ it appears that the Graham County State Bank, a corporation, commenced an action in a justice court against the petitioner on a promissory note. The action was for the recovery of money in an amount less than the sum of $200. From a judgment in favor of the bank the petitioner appealed to the district court, where the bank was again successful in obtaining a judgment. The petition sets forth several particulars wherein it is claimed that the district court acted in excess of its jurisdiction, and therefore prays for the issuance of the writ commanding all the proceedings to be certified up to this court for review.

It is true that the writ of *certiorari* runs to inferior tribunals, boards, or officers exercising judicial functions solely to correct errors in excess of jurisdiction, or, in other words, to confine such tribunals, boards, and officers exercising judicial functions to their proper jurisdiction. But has the supreme court jurisdiction to award the writ in this case? The original amount in controversy in this case does not exceed the sum of $200, and the action does not involve the validity of a tax, impost, assessment, toll, municipal fine, or statute.

Section 4 of article 6 of the constitution of Arizona provides that: "The supreme court shall have original jurisdiction in *habeas corpus,* and *quo warranto* and *mandamus* as to all state officers. It shall have appellate jurisdiction in all actions and proceedings, but its appellate jurisdiction shall not extend to civil actions at law for recovery of money or personal property where the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars, unless the action involves the validity of a tax, impost, assessment, toll, municipal fine, or statute. The supreme court shall also have power to issue writs of *mandamus,* review, prohibition, *habeas corpus, certiorari,* and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. . . . "

It is perfectly clear from the foregoing provision of the constitution that this case is not within the appellate jurisdiction of the supreme court, and we are of the opinion that it ought not to issue a writ of *certiorari* in a cause not within its appellate jurisdiction. To award the writ in this class of cases would allow parties litigant to avail themselves by indirectness of a privilege which is directly prohibited. Where the original amount in controversy does not exceed the sum of $200, and does not involve the validity of a tax, impost, assessment, toll, municipal fine, or statute, the evident meaning and purpose of the constitution is that the superior court can be relied upon to fully and finally determine such matters, and that the judgment of the superior court is the judgment of the court of last resort and concludes the parties.

In construing a similar provision of the constitution of Washington, the supreme court of that state, speaking of its jurisdiction and the jurisdiction of the superior court, said: "It matters not whether that court decides that it has juris-

diction when it has not, or whether it erroneously decides some other matter of law; its judgment is final in all causes not within the appellate jurisdiction of this court." *State ex rel. Corbin* v. *Superior Court,* 35 Wash. 201, 77 Pac. 33.

The act of this court in issuing the writ prayed for and reviewing the proceedings of the court below would be a usurpation of the constitutional jurisdiction of that court; an act not only unwarranted, but expressly forbidden by the fundamental law.

The issuance of the writ is denied.

CUNNINGHAM and ROSS, JJ., concur.

NOTE.—As to errors reviewing by *certiorari,* see note in 40 Am. St. Rep. 30.